B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC. | **DEFENDANTS** WELLS FARGO BANK, National Association |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Dean A. Ziehl (CA Bar No. 84529) Alan J. Kornfeld (CA Bar No. 130063) Gillian N. Brown (CA Bar No. 205132) PACHULSKI STANG ZIEHL & JONES LLP 10100 Santa Monica Blvd., 11th Floor Los Angeles, CA 90067 Email: gbrown@pszjlaw.com Telephone: (310) 277-6910; Facsimile: (310) 201-0760 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance of fraudulent transfers (11 U.S.C. §§ 548 and 550)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
**1** 13-Recovery of money/property - §548 fraudulent transfer
**2** 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $8,954,319.36, plus interest |
| Other Relief Sought | |

American LegalNet, Inc.
www.Forms*Workflow*.com

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>NAMCO CAPITAL GROUP, INC. | BANKRUPTCY CASE NO.<br>2:08-bk-32333-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>The Honorable Barry Russell |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Gillian N. Brown* | | |
| DATE<br>January 28, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>GILLIAN N. BROWN | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.Forms*Workflow*.com

1  Dean A. Ziehl (CA Bar No. 84529)
   Alan J. Kornfeld (CA Bar No. 130063)
2  Gillian N. Brown (CA Bar No. 205132)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 11th Floor
   Los Angeles, California 90067-4100
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  E-mail: gbrown@pszjlaw.com

6  Special Counsel for Bradley D. Sharp, Chapter 11
   Trustee for Estate of Namco Capital Group, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:08-bk-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| Debtor. | Adv. Proc. No. 2:11-ap-_____-BR |
| | **COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS** |
| | [11 U.S.C. §§ 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code § 3439, *et seq*.] |
| BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC., | |
| Plaintiff, | |
| vs. | |
| WELLS FARGO BANK, National Association, | |
| Defendant. | |

Plaintiff Bradley D. Sharp ("Plaintiff"), in his capacity as chapter 11 trustee for the estate of Namco Capital Group, Inc., a California corporation (the "Debtor" or "Namco"), alleges as follows:

1

59701-001\DOCS_LA:231815.3

## NATURE OF ACTION

1.  This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor to Wells Fargo Bank, National Association ("Defendant") and related relief. Plaintiff seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code §§ 3439.04 and 3439.05, and recovering the transfers pursuant to 11 U.S.C. § 550 and California Civil Code § 3439.07.

2.  Plaintiff reserves his right to bring additional claims for relief including additional avoidance actions against Defendant. This Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to bring such additional claims for relief against Defendant in this action or by way of separate action.

## JURISDICTION AND CASE BACKGROUND

3.  The above-captioned bankruptcy case was commenced on or about December 22, 2008 (the "Petition Date"), by the filing of an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). An Order for Relief was entered on January 29, 2009.

4.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.  Venue is proper in this Court pursuant to 28 U.S.C. §1409.

6.  This action is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

7.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H) and (O).

## THE PARTIES

8.  By order entered on May 8, 2009, Plaintiff is the duly appointed, qualified, and acting chapter 11 trustee for the Debtor's bankruptcy estate. Plaintiff brings this action solely in his capacity as the chapter 11 trustee.

9.  Plaintiff is informed and believes, and based thereon alleges that defendant Wells Fargo Bank, N.A., is, and at all times herein mentioned was, Defendant Wells Fargo Bank, National

2

Association ("Defendant"), headquartered in San Francisco, California, operates bank branches in nearly 25 western and midwestern states, and almost 3,000 mortgage and consumer finance offices nationwide. Also on information and belief, Plaintiff alleges that Defendant is a subsidiary of Wells Fargo & Company, a Delaware incorporated diversified financial services company providing banking, insurance, investments, mortgage banking, and consumer finance through banking stores, the internet, and other distribution channels to consumers, businesses, and institutions in all 50 states of the U.S. and in other countries.

## **GENERAL ALLEGATIONS**

10. Plaintiff is informed and believes, and based thereon alleges that prior to the Petition Date, the Debtor had been in business for approximately 20 years. Debtor's general business model was relatively simple and straightforward - Debtor would borrow money from individuals ("Lender Funds"), most often members of the West Los Angeles Persian community (individually hereinafter referred to as a "Namco Lender"), agree to pay such Namco Lender a fixed rate of return, and the Debtor would generally either lend those funds to third parties, at interest rates typically six percent or more higher than the cost of capital payable to the Namco Lender, or transfer funds to or for the benefit of real estate investors, often limited liability companies owned directly or indirectly by Ezri Namvar ("Namvar") and/or members of his family or other insiders.

11. Section 101(54) of the Bankruptcy Code defines the term "transfer" as "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property."

12. Plaintiff is informed and believes and thereon alleges that the Debtor made transfers of property of the Namco's bankruptcy estate, within the meaning of section 101(54) of the Bankruptcy Code, to or for the benefit of the Defendant totaling $8,954,319.36 within the four-year period prior to the Petition Date, as more fully set forth on **Exhibit "A"** attached hereto and incorporated herein by this reference (the "Transfers").

13. Plaintiff is informed and believes, and based thereon alleges that the Debtor had no contractual relationship with the Debtor. Plaintiff is also informed and believes that the Defendant

3

was not a member of, investor in, or creditor of the Debtor.

14. Plaintiff is further informed and believes, and based thereon alleges that the Defendant received the Transfers as payments on loans made by the Defendant to parties other than the Debtor, and that the Debtor received no value in exchange for such Transfers.

## FIRST CLAIM FOR RELIEF

**[Avoidance of Fraudulent Transfers -- 11 U.S.C. §§ 544 and 550 and Cal. Civil Code §§ 3439.04(a)(1) and 3439.07]**

15. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

16. The Transfers were made with the intent to hinder, delay, or defraud creditors of Namco.

17. Accordingly, the Transfers are avoidable as fraudulent and may be recovered pursuant to 11 U.S.C. §§544(b) and 550, and Cal. Civil Code §§3439.04(a)(1) and 3439.07.

## SECOND CLAIM FOR RELIEF

**[Avoidance of Fraudulent Transfers -- 11 U.S.C. §§ 548(a)(1)(A) and 550]**

18. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

19. Of the Transfers, $3,388,576.05 were made within the two years immediately preceding the Petition Date (the "2-Year Transfers"), in the amounts and on the dates listed in **Exhibit "A"** hereto and incorporated herein by this reference.

20. The 2-Year Transfers were made with the intent to hinder, delay, or defraud creditors of Namco.

21. Accordingly, the 2-Year Transfers are avoidable as fraudulent and may be recovered pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550.

///

///

///

///

4

## THIRD CLAIM FOR RELIEF

**[Avoidance of Fraudulent Transfers -- 11 U.S.C. §§ 544(b) and 550; and Cal. Civil Code §§ 3439.04(a)(2) and 3439.07]**

22.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

23.     Namco did not receive reasonably equivalent value in exchange for the Transfers.

24.     At the time the Transfers were made, Namco (i) was engaged or was about to be engaged in a business or transaction for which the remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due.

25.     Accordingly, the Transfers are avoidable as fraudulent and may be recovered pursuant to 11 U.S.C. §§ 544(b) and 550, and Cal. Civil Code §§ 3439.04(a)(2) and 3439.07.

## FOURTH CLAIM FOR RELIEF

**[Avoidance of Fraudulent Transfers -- 11 U.S.C. §§ 544 and 550 and Cal. Civil Code §§ 3439.05 and 3439.07]**

26.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

27.     Namco did not receive reasonably equivalent value in exchange for the Transfers.

28.     Namco was insolvent, or became insolvent as a result of the Transfers.

29.     There exists a creditor of Namco whose claim arose before the Transfers were made.

30.     Accordingly, the Transfers are avoidable as fraudulent and may be recovered pursuant to 11 U.S.C. §§ 544(b) and 550, and Cal. Civil Code §§ 3439.05 and 3439.07.

## FIFTH CLAIM FOR RELIEF

**[Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 548(a)(1)(B) and 550]**

31.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

32.     Namco did not receive reasonably equivalent value in exchange for the 2-Year

5

Transfers.

33. At the time the 2-Year Transfers were made, Namco (i) was insolvent, or became insolvent as a result of the obligations or transfers; (ii) was engaged or was about to be engaged in a business or transaction for which the remaining assets were unreasonably small in relation to the business or transaction, or (iii) intended to incur, or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due.

34. Accordingly, the 2-Year Transfers are avoidable as fraudulent and may be recovered pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For a judgment that the Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code §§ 3439.04 and 3439.05 for the benefit of the Namco estate;

2. For a judgment that the 2-Year Transfers are avoidable under 11 U.S.C. § 548 for the benefit of the Namco estate;

3. For recovery of the value of the Transfers from Defendant, for the benefit of the Namco estate, in the amount of $8,954,319.36, plus interest at the maximum legal rate from the date of each of the Transfers, or such other amount as shall be shown by proof prior to judgment;

4. For recovery of the value of the 2-Year Transfers from Defendant, for the benefit of the Namco estate, in the amount of $3,388,576.05 plus interest at the maximum legal rate from the date of each of the 2-Year Transfers, or such other amount as shall be shown by proof prior to judgment;

[remainder of page left intentionally blank]

59701-001\DOCS_LA:231815.3

5. For costs of suit incurred herein; and

6. For such other relief as the Court deems just and proper.

Dated: January 28, 2011     PACHULSKI STANG ZIEHL & JONES LLP

By     */s/ Gillian N. Brown*
Dean A. Ziehl
Alan J. Kornfeld
Gillian N. Brown

Special Counsel for Bradley D. Sharp,
Chapter 11 Trustee for Estate of Namco
Capital Group, Inc.

59701-001\DOCS_LA:231815.3

# EXHIBIT A

# Namco Capital Group, Inc.

## Wells Fargo Bank

| Item # | Type | Date | Check Number | 2 Year Disbursement | 4 Year Disbursement |
|---|---|---|---|---|---|
| 1 | Check | 8/26/05 | 47334 | | $ 109,879.02 |
| 2 | Check | 9/9/05 | 47422 | | 95,325.09 |
| 3 | Check | 10/25/05 | 47694 | | 89,025.61 |
| 4 | Check | 11/10/05 | 47840 | | 96,424.55 |
| 5 | Check | 12/15/05 | 48108 | | 93,986.37 |
| 6 | Check | 1/10/06 | 48296 | | 103,371.57 |
| 7 | Check | 2/9/06 | 48514 | | 103,371.57 |
| 8 | Check | 3/17/06 | 48726 | | 86,550.28 |
| 9 | Check | 3/17/06 | 48759 | | 86,550.28 |
| 10 | Check | 3/17/06 | 48739 | | 323.58 |
| 11 | Check | 3/17/06 | 48740 | | 93,565.07 |
| 12 | Check | 4/11/06 | 48940 | | 143,412.72 |
| 13 | Check | 5/10/06 | 49189 | | 138,462.91 |
| 14 | Check | 5/11/06 | 49190 | | 136,658.33 |
| 15 | Wire Transfer | 5/12/06 | | | 3,000,030.00 |
| 16 | Check | 6/8/06 | 49363 | | 143,706.26 |
| 17 | Check | 7/11/06 | 49526 | | 138,416.64 |
| 18 | Check | 7/12/06 | 49537 | | 142,860.86 |
| 19 | Check | 7/28/06 | 49658 | | 250.00 |
| 20 | Check | 8/2/06 | 49690 | | 17,612.00 |
| 21 | Check | 9/8/06 | 49906 | | 68,372.25 |
| 22 | Check | 9/12/06 | 49917 | | 137,125.06 |
| 23 | Check | 10/4/06 | 50036 | | 61,644.00 |
| 24 | Check | 10/13/06 | 50106 | | 178,714.03 |
| 25 | Check | 11/10/06 | 50303 | | 152,512.51 |
| 26 | Check | 12/12/06 | 50487 | | 147,592.75 |
| 27 | Check | 12/26/06 | 50600 | $ 59,037.10 | 59,037.10 |
| 28 | Check | 1/11/07 | 50721 | 97,602.61 | 97,602.61 |
| 29 | Wire Transfer | 1/31/07 | | 2,000,030.00 | 2,000,030.00 |
| 30 | Check | 2/2/07 | 50868 | 47,837.00 | 47,837.00 |
| 31 | Check | 2/7/07 | 50886 | 250.00 | 250.00 |
| 32 | Check | 2/12/07 | 50947 | 158,760.24 | 158,760.24 |
| 33 | Check | 2/27/07 | 50989 | 3,779.00 | 3,779.00 |
| 34 | Check | 3/13/07 | 51144 | 130,224.31 | 130,224.31 |
| 35 | Check | 3/23/07 | 51229 | 55,810.41 | 55,810.41 |
| 36 | Check | 4/10/07 | 51381 | 88,366.50 | 88,366.50 |
| 37 | Check | 7/30/07 | 51968 | 5,040.00 | 5,040.00 |

## Namco Capital Group, Inc.

## Wells Fargo Bank

| Item # | Type | Date | Check Number | 2 Year Disbursement | 4 Year Disbursement |
|---|---|---|---|---:|---:|
| 38 | Check | 10/15/07 | 52588 | 40,000.00 | 40,000.00 |
| 39 | Wire Transfer | 3/14/08 | | 104,752.22 | 104,752.22 |
| 40 | Check | 3/19/08 | 53283 | 4,080.00 | 4,080.00 |
| 41 | Check | 3/19/08 | 53628 | 30,000.00 | 30,000.00 |
| 42 | Wire Transfer | 4/14/08 | | 106,141.11 | 106,141.11 |
| 43 | Wire Transfer | 5/12/08 | | 95,724.44 | 95,724.44 |
| 44 | Check | 5/23/08 | 54006 | 80,000.00 | 80,000.00 |
| 45 | Wire Transfer | 6/10/08 | | 94,752.23 | 94,752.23 |
| 46 | Check | 7/14/08 | 54410 | 91,666.66 | 91,666.66 |
| 47 | Check | 8/13/08 | 54595 | 94,722.22 | 94,722.22 |
| | | | | $ 3,388,576.05 | $ 8,954,319.36 |

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Dean A. Ziehl (CA Bar No. 84529)<br>Alan J. Kornfeld (CA Bar No. 130063)<br>Gillian N. Brown (CA Bar No. 205132)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, CA  90067<br>Email: gbrown@pszjlaw.com<br>Tel:  (310) 277-6910; Fax:  (310) 201-0760<br>*Attorney for Plaintiff* Special Counsel for Bradley D. Sharp, Chapter 11 Trustee for Estate of Namco Capital Group, Inc. | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>                                                                                            Debtor. | CHAPTER **11**<br><br>CASE NUMBER **2:08-bk-32333-BR** |
|---|---|
| BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br>                                                                           Plaintiff(s),<br><br>vs.<br><br>WELLS FARGO BANK, National Association,<br>                                                                           Defendant(s). | ADVERSARY NUMBER **2:11-ap-_____-BR**<br><br>*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)
59701-001\DOCS_LA:231818.1

**F 7004-1**



Summons and Notice of Status Conference - *Page 2*                                               F 7004-1

| In re         (SHORT TITLE)         | CASE NO.: 2:08-bk-32333-BR |
|---|---|
| NAMCO CAPITAL GROUP, INC.                                      Debtor(s). | Adv. No.: 2:11-ap-_____-BR |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as  **SUMMONS AND NOTICE OF STATUS CONFERENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____   _____   _____
*Date*                     *Type Name*                *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                                                       **F 7004-1**
59701-001\DOCS_LA:231818.1

American LegalNet, Inc.
www.FormsWorkFlow.com